IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALLENA VICKERY,

        Plaintiff,

vs.                                                           No. CV 07-802 JCH/ACT

FLYING J, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion in Limine, filed May 27, 2008 [Doc. 34]. The Court having considered the motions, memoranda, and relevant law, and being otherwise fully informed, finds Plaintiff's Motion in Limine is well taken in part and not well taken in part. As such, Plaintiff's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART** as more fully set out herein. Moreover, the Court reserves ruling until trial with regard to requests 2.7, 2.8, 2.9, and 2.10.

In her Motion in Limine, Plaintiff asks the Court to order Defendant to refrain from "directly or indirectly, upon voir dire, reading of pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, by side-remarks, blurt outs, or in any other means or manner" informing the jury of nineteen different subject matters without first obtaining the Court's permission. The Court will address each request seriatim.

    **2.1. Evidence regarding settlement negotiations.**

Defendant indicates that it will not attempt to introduce any evidence regarding settlement negotiations in violation of Fed. R. Evid. 408. The Court grants Plaintiff's motion in this regard.

**2.2. Evidence by expert witnesses not identified in a timely manner.**

Defendant indicates that it has timely identified its trial expert and does not anticipate introducing any evidence by experts not timely identified.  The Court grants Plaintiff's motion in this regard; however, the Court notes that a ruling in limine may be subject to change based upon developments at trial.  *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987).

**2.3. Evidence by any expert witness outside the scope of their written opinion produced during pretrial discovery.**

Defendant indicates that it does not, at this time, intend to introduce any opinions not contained in its expert's report or any supplements thereto.  However, Defendant reserves the right to present appropriate rebuttal evidence depending upon the scope of Plaitniff's witnesses' testimony.  The Court grants Plaintiff's motion to the extent that it seeks to exclude non-rebuttal evidence by any expert witness outside the scope of their written opinion.

**2.4. Any opinion by an expert not supported by admissible facts.**

Pursuant to  Fed. R. Evid. 703,  an expert may base his opinion on facts or data that are not admissible so long as they are reasonable relied upon by experts in the particular field.  Fed. R. Evid. 703.  Accordingly, Plaintiff's motion is denied.

**2.5. Evidence supporting an issue that was not contained in the final pretrial order.**

The Pretrial Order itself provides that it "will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval."  [Doc. 39.] The Court grants Plaintiff's motion to the extent that it seeks to exclude non-rebuttal and non-foundational evidence not contained in the final pretrial order but notes that a ruling in limine may be subject to change based upon developments at trial.  *Thweatt*, 814 F.2d at 1470.

**2.6. Evidence not produced by Defendant in discovery.**

Again, with the exception of rebuttal evidence or foundational witnesses, Defendant does

not anticipate attempting to introduce evidence or witnesses not previously discovered or disclosed. The Court grants Plaintiff's motion to the extent that it seeks to exclude non-rebuttal, non-foundational evidence, again noting that a ruling in limine may be subject to change based upon developments at trial. *Thweatt*, 814 F.2d at 1470.

> **2.7. Evidence related to the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed in any manner to testify in this case.**

This motion is apparently aimed at precluding any reference to hearsay evidence as a general matter. However, because Plaintiff's request lacks specificity and hearsay objections can usually be adequately resolved during trial, the Court reserves ruling on this motion until trial.

> **2.8. Any reference to a request for stipulations or to a request to make an agreement in the presence of the jury.**

These matters are too vague and speculative for a ruling in limine. Objections to such conduct can be adequately handled at trial, and the Court therefore reserves ruling on this motion until trial.

> **2.9. Any attempt to request Plaintiff's attorneys to make demands or requests before the Jury for matters found or contained in Plaintiff's file, which would include statements, pleadings, photographs and other documents, nor to demand or request further or additional documents, papers, materials or other requests during the course of trial and in the presence of the jury.**

These matters are, again, too vague and speculative for a ruling in limine. Because objections to such conduct can be adequately handled at trial, the Court reserves ruling on this motion until trial.

> **2.10. Any statement of law, other than that regarding the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case**.

First, this motion is vague and inadequate for a liminial order, especially given that it excepts without specifying "basic definitions counsel believe to be applicable." Second, the

Court fully expects that the attorneys will appreciate the respective and well-established roles of the Court, the jury, and the parties, being mindful that issues of law are generally reserved for the Court and that the parties should refrain from making legal arguments to the jury unless in reference to one of the Court's instructions.  Because objections to any statements of law can be adequately handled at trial, the Court reserves ruling on this motion until trial.

### 2.11. Any mention of Plaintiff's statements made during settlement negotiations.

Defendant indicates that it will not attempt to introduce any statements made by Plaintiff during settlement negotiations in violation of Fed. R. Evid. 408.  The Court grants Plaintiff's motion in this regard.

### 2.12.  Evidence of other claims or suits made by Plaintiff.

Plaintiff has apparently denied the existence of any other suits or claims made by her, and Defendant has not yet discovered any.  Thus, Plaintiff's motion is hereby denied as moot.  However, should any such claims or suits come to light at or before trial, the Court will address any objections to such evidence as they arise.

### 2.13.  Any comment to the jury that the Court can reduce the amount of the jury's award.

Defendant does not respond to this particular motion except to say that Defense counsel is "aware of the rules governing hearsay, civil procedure and professional conduct." [Doc. 35, at 2.]  However, the Court declines to enter a broad order excluding any comments to the jury regarding the potential reduction of the jury's award.  Rather, the court acknowledges that, in some circumstances, it may indeed be proper to inform the jury that the Court may reduce the jury's award.  For example, while it is unsettled whether Texas or New Mexico substantive law applies in the action, *see* [Doc. 39, at 6], under either Texas' modified version of comparative fault or New Mexico's comparative fault rules, the court must reduce the jury's award according

to any percentage of fault allocated to the Plaintiff. Tex. Civ. Prac. & Rem. Code Ann. § 33.012 (Vernon Supp. 1998); N.M. Stat. § 41-3A-1(B) (1978). In any event, it may be appropriate to inform the jury that the Court will reduce any award according to Plaintiff's percentage of fault. *See Sartin v. Wal-Mart Stores, Inc.*, No. 99-40185, 2000 WL 122452, *2 (5th Cir. Jan. 10, 2000) (upholding a jury charge in a diversity case where the charge mentioned that the court would reduce the award based on a finding of contributory negligence, reasoning that federal law governs the manner of giving jury instructions and "[u]nlike the Texas courts, federal courts are free to tell juries the effect of their answers"). In addition, the Court can imagine other situations where it might be proper to inform the jury that the Court will reduce the jury's award. *See, e.g., Mills v. State Farm Mut. Auto. Insur. Co.*, 827 F.2d 1418, 1422 (10th Cir. 1987) (court informed jury that it would reduce the award by the amount of advance payments made by an insurance company pursuant to a stipulation of the parties). The Court, therefore, denies Plaintiff's motion as premature and overbroad.

### 2.14. Any comment attempting to impose liability upon or arouse prejudice against Plaintiff simply because she filed a lawsuit.

The Court agrees that it would be improper for Defendant to attempt to "impose liability" or "arouse prejudice" against Plaintiff merely because she filed a law suit. As such, the Court grants Plaintiff's motion in this regard.

### 2.15. Any evidence of other crimes, wrongs, or acts to prove the character of the Plaintiff or another witness testifying for Plaintiff to show that Plaintiff or the witness acted in conformity with such character on any occasion related to Plaintiff's claim.

This motion essentially seeks compliance with Fed. R. Evid. 404(b). The Court grants this motion to the extent that any evidence of other crimes, wrongs, or acts is offered to prove Plaintiff's or another witness' character to show action in conformity with such character.

However, the Court acknowledges that under Fed. R. Evid. 404(b) evidence of other crimes, wrongs, or acts may under some circumstances be admitted for other purposes.

> **2.16. Any mention that any witness testifying on behalf of Plaintiff was convicted of any crime where such witness was pardoned of the crime based on a finding of rehabilitation or innocence or the conviction was annulled based on a finding that the witness was rehabilitated or innocent, and since any rehabilitation the witness has not been convicted of any crime punishable by death or imprisonment for more than one year.**

This motion essentially seeks compliance with Fed. R. Evid. 609(c). The Court grants this motion to the extent that Defendant seeks to offer evidence violative of Fed. R. Evid. 609(c).

> **2.17. Any mention of Plaintiff's Motion in Limine and/or any ruling pertaining to the same.**

It is unclear why Plaintiff seeks to exclude any mention of her Motion in Limine or any ruling pertaining thereto. Perhaps she is concerned that she might be prejudiced by reference to a ruling not in her favor. Defendant contends, however, that it may be appropriate to raise the Court's denial of a particular liminial motion at the appropriate time during trial. As a practical matter, the Court acknowledges that reference to prior evidentiary rulings may be necessary during trial. Consequently, the Court denies Plaintiff's motion.

> **2.18. Any mention of the cyst occurring on the back of Plaintiff's knee in or about October 2000.**

In this action, Plaintiff seeks damages for injuries to her left knee allegedly sustained in an April 6, 2000 fall on Defendant's premises. In this motion, Plaintiff attempts to exclude reference to a pre-existing cyst on the same knee, apparently because it would violate Fed. R. Evid. 402. But Fed. R. Evid. 402 merely provides that "[e]vidence which is not relevant is not admissible," and any evidence of the pre-accident condition of Plaintiff's left knee is relevant to both the cause of Plaintiff's fall and the extent of any knee injuries sustained. Indeed, Andrew Veitch, M.D. testified in his deposition that a cyst such as the one located behind Plaintiff's left

knee may occur as a result of trauma, arthritic change in the knee, or a meniscus tear. (Deposition of Andrew J. Veitch, M.D., attached as Exhibit B to Defendant's Response to Plaintiff's Motion in Limine, at 51:17-26; 52:1-7.)  Because the pre-existing condition of Plaintiff's left knee is relevant to both the cause of her fall and the extent of her injuries, and because Plaintiff has not articulated any other basis for excluding such evidence, Plaintiff's motion is denied.

### 2.19. Any mention of any other alleged knee problem or injuries for Plaintiff in or about October 2000.

As noted above, Plaintiff seeks damages for injuries allegedly sustained to her left knee when she fell while on Defendant's premises on April 6, 2006.  Yet she attempts to exclude evidence of prior problems or injuries with that same knee occurring in or about October 2000, citing only Fed. R. Evid. 402.  Again, the pre-existing condition of Plaintiff's left knee is clearly relevant to both the cause of her fall and the extent of her injuries.  Additionally, evidence of prior problems with her left knee is relevant to Plaintiff's credibility and veracity, as she categorically denied prior pain, swelling, or limited range of motion in her left knee when inquiries were made at her deposition.  (Deposition of Allena Vickrey, attached as Exhibit A to Defendant's Response to Plaintiff's Motion in Limine, at 123:9-17.)  Because prior left knee problems are relevant to the cause of Plaintiff's fall, the extent of her injures, and her credibility, and because Plaintiff has not articulated any other basis for excluding such evidence, Plaintiff's motion is denied.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine [Doc. 34] is hereby

**GRANTED IN PART** and **DENIED IN PART.** Moreover, the Court reserves ruling until trial with regard to requests 2.7, 2.8, 2.9, and 2.10.

Dated this 15th day of August 2008.

_____
UNITED STATES DISTRICT JUDGE