## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALLENA VICKERY,**

    **Plaintiff,**

**vs.**              **No. CV 07-802 JCH/ACT**

**FLYING J., INC.,**

    **Defendant.**

## ORDER

   **THIS MATTER** comes before the Court on Defendant Flying J., Inc.'s Motion for

Determination of Applicable Law, filed August 21, 2008 [Doc. 47].  On September 11, 2008, the

Court held the Final Pretrial Conference in this matter.  Plaintiff was represented by Samantha

Peabody Estrello and James L. Killion.  Defendant was represented by S. Carolyn Ramos and

Michael P. Clemens.  Consistent with the Court's ruling at the hearing and the reasons for that

ruling given at the time of the hearing, the Court will grant Defendant's Motion for

Determination of Applicable Law.

   The Court finds that the parties' previous pretrial stipulation as to the applicable law was

withdrawn by Defendant in the Pretrial Order entered on July 10, 2008.  The Court further finds

that any previous stipulation in this regard is not binding on the Court.  *See Estate of Sanford v.*

*Commissioner*, 308 U.S. 39, 51 (1939) (holding that a court is not bound to accept as controlling

stipulations as to questions of law); *Leane v. Joseph Entertainment Group, Inc.*, 642 N.E.2d 852

(Ill. Ct. App. 1994) (holding that a stipulation by the parties regarding the applicable substantive

law was "unreasonable" and given no effect, where it was contrary to the result that would be

reached through the application of customary choice-of-law principles).

   This Court applies New Mexico choice of law rules to cases, such as this, over which it

has diversity jurisdiction.  *See Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1281 (10th Cir. 2003).   Under New Mexico law, the initial step in conflicts analysis is characterization: deciding the area of substantive law—e.g., torts, contracts, domestic relations—to which the law of the forum assigns a particular claim or issue. *Ratzlaff v. Seven Bar Flying Serv., Inc.*, 98 N.M. 159, 162, 646 P.2d 586, 589 (Ct. App.1982) (observing that "[u]nder a traditional conflict of law approach, we must first determine under what area of law the dispute arises").  Here, Plaintiff's Complaint relies on a theory of tort liability, negligence.

In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of *lex loci delicti commissi*—that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred.  *First Nat'l Bank in Albuquerque v. Benson*, 89 N.M. 481 (Ct. App. 1976).  In *Torres v. State*, 119 N.M. 609, 613 (1995), the New Mexico Supreme Court observed that the place of the wrong is the location of the last act necessary to complete the injury.  *Id.*; *see also* Restatement (First) of Conflict of Laws (1934) § 377 n.1 (observing that in determining the place of the wrong, "[t]he question is only where did the force impinge upon [the plaintiff's] body").   Under the place-of-the-wrong rule, Texas law clearly applies to Plaintiff's tort claims, as it is undisputed that the slip-and-fall and the injuries alleged occurred in Texas.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Determine Applicable Law [Doc. 47] is **GRANTED** and that the substantive law applicable to this matter is Texas law. Dated this 12th day of September 2008.

_____
UNITED STATES DISTRICT JUDGE